Action to recover an amount alleged to be due on a special contract to prepare plans and specifications for a house which the defendant intended to build.
The defendant alleged that the plaintiff had failed to perform his contract, and pleaded a counterclaim in the sum of $200 for money advanced to the plaintiff, which he alleges the plaintiff promised to repay.
The plaintiff offered evidence tending to prove that he entered into a contract with the defendant to prepare plans and specifications for a house estimated to cost about $9,000, and that the defendant (643) agreed to pay him therefore $240; that he prepared the plans and specifications and that they were accepted by the defendant, and that the defendant paid him $100; that thereafter the defendant decided to build a different house and applied to the plaintiff to prepare other plans and specifications, which the plaintiff agreed to do, it being agreed in the second contract that the balance due on the first contract would be canceled and a new price agreed upon for the second plans and specifications; that these plans and specifications were accepted by the defendant, and he paid $50 on the amount due; that thereafter the defendant decided he would not build according to these last plans and specifications, and applied to the plaintiff again to prepare plans and specifications for a bungalow, saying that he would certainly build this time; that the plaintiff agreed to prepare the plans and specifications as desired by the defendant and satisfy the balance due on the other contract for a commission of 3 1/2 per cent on the estimated cost of the building, which was $12,000; that he prepared these plans and specifications and that they were presented to and accepted by the defendant.
The defendant offered evidence tending to prove that the plaintiff approached him and told him that he understood that he was going to build, and asked permission to prepare plans and specifications; that he told the plaintiff the kind of house he wished to build and that he would not spend more than $5,000 on the building, and that he desired plans and specifications for a house costing no more than that sum, which the plaintiff agreed to prepare, saying that he could build the house which the plaintiff desired for $5,000 and would guarantee that it could be done; that he told the plaintiff that he did not care to incur any *Page 735 
unnecessary expenses, and that he would agreed to pay him 3 1/2 per cent of the cost on the assumption that the house would not cost more than $5,000; that the plaintiff prepared plans and specifications for a house which could not be built for less than $8,900, and that he thereupon declined to accept the plans and specifications; that the plaintiff prepared a second set of plans and specifications which did not comply with his agreement and which were not accepted; that the defendant then agreed that the cost of the house to be built should be advanced to $7,500 and the plaintiff then agreed to prepare plans and specifications for a house, the size and character of which was agreed on, which could be built for a sum not exceeding that amount; that the plaintiff then prepared other plans and specifications for a house which could not be built for less than $12,000, which the defendant refused to accept; that while negotiating with the plaintiff he advanced to him $200 as a loan under a promise to repay the amount if the plans and specifications were not satisfactory.
The jury in response to the issue submitted to them found that the defendant was indebted to the plaintiff in the sum of $220.
The defendant excepted to the refusal to give the following (644) charge to the jury: "The court charges you that if you find from the evidence and by its greater weight that the plaintiff contracted with the defendant to design and furnish plans and specifications for a residence to cost not exceeding a limited amount, and failed to furnish such design or plans and specifications for a residence that could be built within the amount limited, and abandoned any effort to do so, the court charges you that the plaintiff admits that the defendant has paid him on account of said work the sum of at least $200, then your answer to the second issue would be `$200 and interest.'"
After the jury had deliberated some time they asked for further instructions as follows:
The Court: Do you gentlemen desire some further instructions?
Juror: We want to know if we could answer that first issue the full amount, and give Mr. Kimball a counterclaim.
The Court: No; if you answer the first issue the full amount, that is, finding that the contract is as contended by the plaintiff, then the defendant would not be entitled to anything back. If you answer the first issue $370, you will not answer the second issue; but if you answer the first issue "Nothing," you will then consider the second issue. If you find that the contract was as contended by the defendant, by the greater weight of the evidence, you would answer that such amount as you find he paid, under these issues; but if you are not satisfied as to that, you *Page 736 
would answer it "Nothing," the burden being upon the defendant under the second issue.
The jury thereupon retired, and returned a second time for further instructions.
The Court: Is there any matter I can aid you about?
Juror: It might be. If you would charge us again, it might be we could get together.
The Court: If it is a question of fact, I have no right or power nor do I desire to express any opinion upon the facts.
Juror: Could we answer both issues "No?"
The Court: Yes. If you answer the first issue "No," you can answer the second issue "No" — you can answer both "No" if you find the facts so to be. If you find the first issue "Yes," the amount claimed by plaintiff, you would not answer the second issue; but if you answer the first issue "No" you can answer the second issue the amount claimed by defendant, or you can answer that "No."
Juror: If we answer the first issue "Yes," that means $370?
The Court: Yes; that is the amount claimed by him, $370 — that is, if you are satisfied that it is correct.
Juror: We cannot split that, or anything?
(645) The Court: That is within the physical power of the jury. If you find that the contract between them was that the plaintiff was to make out plans and specifications for 3 1/2 percent for a building upon the estimated cost, and the cost was $12,000, and that was complied with, he would be entitled to recover $370, and you are the judges of whether he has shown that. If he has shown that by the greater weight of the evidence, it would be your duty to answer it $370. If you are not so satisfied you will answer it "No." Of course, the jury has the power to pass upon these matters. You are the sole judges of the evidence and the weight you will give to it. If you answer the first issue "Yes," you would not consider the second issue; but if you answer it "No," you will answer the second, and the burden of that is upon the defendant. If you find he is entitled to recover back the $200 or $225, you will say so, and if you do not think he is, you will answer "Nothing."
There was a judgment in favor of the plaintiff for $220, and the defendant appealed.
The prayer for instruction requested by the defendant was substantially given in the charge. *Page 737 
In addition to telling the jury several times that the plaintiff was not entitled to recover anything unless he proved performance on his part, he instructed the jury as follows: "If the jury shall find from the evidence and by its greater weight that the contract was that the plaintiff should furnish plans for a house not to exceed $5,000, and the plaintiff failed to comply with the terms of his contract, and that while negotiations were going on and before the defendant learned that the contract would not be complied with, the plaintiff induced the defendant to advance him various sums from time to time, amounting to $200 or $225, or whatever the jury should find it to be, upon the assurance and warranty that he would comply with the terms of the agreement, and the plaintiff has failed to return said sums, and he failed and refused to comply with his contract, the defendant would be entitled to recover back the sum so paid." And again: "If you answer the first issue $370, you will not answer the second issue; but if you answer the first issue `Nothing' you will then consider the second issue. If you find that the contract was as contended by the defendant by the greater weight of the evidence, you will answer that such amount as you find that he paid under these issues; but if you are not satisfied as to that, you will answer it `Nothing,' the burden being upon the defendant upon the second issue."
The part of his Honor's charge excepted to when the jury returned for further instructions is in telling the jury in substance that it was within the physical power of the jury to divide the amount (646) claimed by the plaintiff and the defendant, respectively, and this, standing alone, would be erroneous, but when read in connection with the context it does not reasonably bear the construction of a direction that the jury had the right to compromise the matters in controversy.
The juror asked the presiding judge if the jury could split the amount claimed by the parties, and his Honor said, it is true, "That is within the physical power of the jury," but he immediately followed this statement with a clear and full instruction as to the duties of the jury in considering the evidence and in determining what their answers to the issues should be.
If, however, it should be held that the charge was erroneous, it was not only not prejudicial to the defendant, but in his favor, and had the effect of reducing the claim of the plaintiff $150.
The jury could not find any amount due the plaintiff under the instructions of the court without finding that the contract was as the plaintiff claimed it to be, and if so he was entitled to recover $370, and the jury has reduced this sum to $220.
No error. *Page 738